UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD DODD,

 Plaintiff,

v.            CAUSE NO. 3:21-cv-799-DRL-JEM

JOHN GALIPEAU *et al.*,

 Defendants.

OPINION AND ORDER

Richard Dodd, a prisoner without a lawyer, is proceeding in this case on three claims. First, he is proceeding "against Sgt. Vaughn, Sgt. Dew, and Lt. Bradford in their individual capacities for compensatory and punitive damages for deliberate indifference to his safety when temperatures fell below acceptable levels, in violation of the Eighth Amendment[.]" ECF 10 at 12. Second, he is proceeding "against Maintenance Supervisor Adam Liedy, Warden John Galipeau, and Commissioner Robert Carter in their individual capacities for compensatory and punitive damages for deliberate indifference to his conditions of confinement, in violation of the Eighth Amendment[.]" *Id.* Third, he is proceeding "against Warden John Galipeau in his official capacity for injunctive relief in the form of conditions of confinement that are not inconsistent with the Eighth Amendment[.]" *Id.* On June 30, 2023, the defendants filed a motion for summary judgment, arguing Mr. Dodd didn't exhaust his administrative remedies before filing this lawsuit. ECF 33. With the motion, the defendants provided Mr. Dodd the notice required

by N.D. Ind. L.R. 56-1(f). ECF 36. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to the statement of material facts, which includes a citation to evidence supporting each dispute of fact. On July 7, 2024, the court lifted a stay on this case and granted Mr. Dodd until August 9, 2024, to file a response to the defendants' summary judgment motion. ECF 62. This deadline has passed, but Mr. Dodd still hasn't filed any response to the defendants' summary judgment motion. Thus the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Westville Correctional Facility (WCF) and Mr. Dodd's grievance records, which show the following facts.[1] During all relevant times, an Offender Grievance Process was in place at WCF. ECF 35-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 35-2 at 3. If an inmate submits a grievance which is rejected by the grievance office, "[i]t shall be the responsibility of the offender to make the necessary revisions to the grievance form

---

[1] Because Mr. Dodd hasn't responded to the defendants' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Mr. Dodd's grievance records as undisputed. See Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender." ECF 35-2 at 10.

Mr. Dodd's grievance records show he submitted two potentially relevant grievances at WCF, but he did not fully exhaust either grievance. First, on April 30, 2020, Mr. Dodd submitted a grievance alleging the COVID-19 pandemic had revealed a series of "health concerns" in his cellhouse related to mold, asbestos, water, heat, rodents, and lack of ventilation. ECF 35-1 at 7; ECF 35-4 at 2. On June 19, 2020, the grievance office returned this grievance to Mr. Dodd because it was submitted on behalf of a group. ECF 35-1 at 7; ECF 35-4 at 1. Mr. Dodd never revised and resubmitted this grievance. ECF 35-1 at 7-8. Second, on April 7, 2022, Mr. Dodd submitted a grievance complaining there weren't enough toilets and showers in his cellhouse. ECF 35-1 at 6; ECF 35-3 at 5. On May 23, 2022, the grievance office denied this grievance on its merits. ECF 35-1 at 6; ECF 35-3 at 4. Mr. Dodd received this grievance response, but never submitted a Level I appeal, which was a necessary step to exhaust the grievance. ECF 35-1 at 6-7; ECF 35-3 at 2, 5.

Here, the defendants have met their burden to show Mr. Dodd didn't exhaust his available administrative remedies before filing this lawsuit, as the undisputed facts show Mr. Dodd submitted two potentially relevant grievances but didn't fully exhaust either grievance. Specifically, the first grievance was rejected by the grievance office and Mr. Dodd did not revise and resubmit the grievance, and the second grievance was denied on its merits and Mr. Dodd did not appeal that denial. Mr. Dodd provides no evidence his grievance was improperly rejected or his administrative remedies were in any way unavailable. Because the undisputed facts show Mr. Dodd had available administrative

4

remedies he didn't exhaust before filing this lawsuit, summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 33); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Richard Dodd and to close this case.

SO ORDERED.

August 15, 2024    *s/ Damon R. Leichty*
                   Judge, United States District Court